CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

FEB 0 8 2013

JULIA C. DUDLEY, CLERK
BY:
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| LUIS R. FIGUEROA, | ) | CASE NO. 7:13CV00038 |
| | ) | |
| v. | ) | **MEMORANDUM OPINION** |
| | ) | |
| UNITED STATES OF AMERICA. | ) | By: Glen E. Conrad |
| | ) | Chief United States District Judge |

Luis R. Figueroa, a federal inmate proceeding pro se, filed this civil action, invoking the court's federal question jurisdiction under 28 U.S.C. § 1331, to seek declaratory judgment under 28 U.S.C. § 2201-2202, concerning alleged judicial errors related to his detention under a federal criminal judgment issued by the United States District Court for the District of New Jersey. After review of Figueroa's submissions, the court will summarily deny his request for declaratory judgment and dismiss the action without prejudice as legally frivolous.[1]

I

Review of online records in the United States District Court for the District of New Jersey indicates the following procedural history related to Figueroa's current claims.[2] After a two-month jury trial, Figueroa was convicted in January 2000 of conspiracy to distribute and to possess with intent to distribute cocaine. Although the indictment charged a conspiracy involving more than five kilograms of cocaine, the Court did not instruct jurors to make any findings regarding drug quantity. After the verdict, the United States Supreme Court decided Apprendi v. New Jersey, 530 U.S. 466, 490 (2000), which required that "[o]ther than a fact of a

---

[1] Under 28 U.S.C. § 1915A(b)(1), the court must summarily dismiss "a complaint in a civil action in which a prisoner seeks redress from a governmental entity" if the court determines that it is frivolous, malicious, or fails to state a claim upon which relief may be granted.

[2] See, generally, Figueroa v. United States, Civil Action No. 04-1424 (D. N.J. June 30, 2005).

prior conviction, any fact that increases the penalty beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt."

In response to Apprendi, the court granted the government's motion to empanel a sentencing jury to determine drug quantity. Figueroa filed an interlocutory appeal, but his motion for stay of sentencing was denied. A sentencing jury was empaneled and, in February 2003, found beyond a reasonable doubt that the conspiracy involved five or more kilograms of cocaine. Figueroa fired his attorney and hired new counsel. Thereafter, the court was presented with a written plea agreement providing that Figueroa would drop his pending appeal and waive his future appeal and collateral attack rights in exchange for the government's recommendation of a 35-year sentence, rather than the life sentence recommended by the Presentence Investigation Report. On March 31, 2003, the Court accepted Figueroa's guilty plea under the terms of the waiver agreement and entered judgment, sentencing him to 420 months in prison.

In March 2004, Figueroa filed a § 2255 motion in the United States District Court for the District of New Jersey, alleging that counsel provided ineffective assistance during the plea negotiation process, making the waivers invalid. The Court granted the United States' motion to dismiss the § 2255 motion, finding from the record that Figueroa had entered a knowing and voluntary waiver of collateral attack rights after adequate representation by counsel. See Figueroa v. United States, Civil Action No. 1:04CV01424 (D. N.J. June 30, 2005), appeal dismissed, No. 05-3990 (3d Cir. Apr. 27, 2006).

Figueroa refers to his current petition as a "Declaratory Judgment Request." (ECF No. 1, at 16.) Specifically, Figueroa seeks a declaratory judgment as to each of the following issues: (1) whether by dismissing his § 2255 motion, the New Jersey court "deprived [him of] the opportunity to assert [that he] accepted the waiver in reliance on delinquent representation" by

2

counsel; and (2) whether the "plea agreement contained a provision [waiving defendant's] right to challenge the representation rendered by his attorney . . . during the plea process." (ECF No. 1, at 1, 3.)

## II

The Declaratory Judgment Act provides that a court of the United States, "[i]n a case of actual controversy within its jurisdiction . . . may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought." 28 U.S.C. § 2201(a). The Act "'does not provide a means whereby previous judgments by . . . federal courts may be reexamined, nor is it a substitute for . . . post conviction remedies.'" Hugley v. Rios, No. CIV-10-336-D, 2010 WL 2610664, *4 (W. D. Okla. 2010) (quoting Shannon v. Sequeechi, 365 F.2d 827, 829 (10th Cir. 1966) (per curiam)). When a federal prisoner raises an irregularity in his criminal sentence, his remedy is "'a motion in the sentencing court under 28 U.S.C. § 2255, not a petition for a declaratory judgment in another court.'" Id. (quoting Hurley v. Lindsay, 207 F.2d 410, 411 (4th Cir.1953) (per curiam)).

Figueroa's requests for declaratory judgment must be denied. The Declaratory Judgment Act does not authorize this court to substitute as an appellate court to reexamine the New Jersey district court's judgment in either the criminal proceeding or the § 2255 action. Shannon, 365 F.2d at 829. Figueroa has already exercised the appropriate remedy by which to seek review of the New Jersey district court's dismissal of his § 2255 claims - by pursuing a direct appeal from that judgment to the Third Circuit. Moreover, it is well established that a request for declaratory judgment in this court is not the proper remedy by which Figueroa may pursue claims of ineffective assistance related to his guilty plea in the New Jersey district court. Hurley, 207 F.2d at 411. To the extent that Figueroa seeks to raise new claims of ineffective assistance bearing on

3

the validity of his plea agreement, a § 2255 motion in the sentencing court was, and remains, the appropriate vehicle. See In re Vial, 115 F.3d 1192, 1194 n. 5 (4th Cir. 1997). As this court did not impose the conviction and sentence that Figueroa wishes to challenge, the court cannot entertain such a § 2255 motion and will not, therefore, construe his current submission as a § 2255 motion.[3]

For the reasons stated, the court summarily dismisses this action requesting declaratory judgment as legally frivolous. An appropriate order will enter this day. The Clerk is directed to send copies of this memorandum opinion and accompanying order to the defendant.

ENTER: This 8th day of February, 2013.

*[signature]*
Chief United States District Judge

---

[3] Figueroa offers no indication that he has obtained certification from the court of appeals as required under § 2255(h) to bring a second § 2255 motion. Therefore, the court does not find that construing Figueroa's current submission as a § 2255 to be transferred to the sentencing court would be "in the interest of justice." See 28 U.S.C. § 1631 (requiring transfer to cure want of jurisdiction only "in the interest of justice"). Similarly, because Figueroa makes no showing that § 2255 is inadequate or ineffective to test the legality of his detention, the court finds no justification to construe his submission as a petition for a writ of habeas corpus under 28 U.S.C. § 2241. See In re Jones, 226 F.3d 328, 333 (4th Cir. 2000).

4